FILED

2018 Feb-07  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAWNETTA COLLINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO:** |
| **v.** | ) |
| | ) |
| **KOCH FOODS, INC.; KOCH FOODS** | ) **PLAINTIFF DEMANDS** |
| **OF ALABAMA, LLC; ROBERT** | ) **TRIAL BY STRUCK JURY** |
| **(BOBBY) ELROD.** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

## INTRODUCTION

Plaintiff, Shawnetta (Shawn) Collins ("Plaintiff"), brings this action for legal and equitable relief to address unlawful employment practices and violations of Federal and State law by Defendants, Koch Foods, Inc., Koch Foods of Alabama, L.L.C. and Robert (Bobby) Elrod.

## JURISDICTION

1.      This Complaint seeks legal and equitable relief to redress Defendants' unlawful violations of Plaintiff Shawnetta Collins' rights secured by the following:

a.      Age Discrimination in Employment Act of 1967 ("ADEA"), 29

1

U.S.C. §§ 621-634, as amended;

b.    Alabama Age Discrimination in Employment Act ("AADEA"), Ala. Code 1975, § 25-1-20;

c.    Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991;

d.    Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended;

e.    the laws of the State of Alabama.

2.    Jurisdiction is proper pursuant to the following:

a.    28 U.S.C. §§ 1331, 1343(a)(3) and 1367;

b.    ADEA, 29 U.S.C. § 626(c)(1); and

c.    Title VII, 42 U.S.C. § 2000e-5(f)(3).

## **PARTIES**

3.    Plaintiff Shawnetta Collins (hereinafter "Ms. Collins" or "Plaintiff") is an African-American female over the age of 19 and a resident of the State of Alabama.

4.    Defendant Koch Foods of Alabama, LLC ("Koch-Ala") is a registered business in Alabama and maintains an office in Montgomery, Montgomery County, Alabama , where it processes and packages chicken products from its Gadsden plant, shipping and sale to customers throughout the Southeast.

2

5.      Defendant Koch Foods, Inc. ("Koch Foods") is a corporation that owns and operates facilities where it processes and packages chicken products at various locations around the country and allows or licenses the name of "Koch Foods" to similar businesses, including Koch-Ala in Montgomery County, Alabama.

6.      Defendant Koch Foods, Inc. and Koch Foods of Alabama, LLC in Montgomery County, Alabama were Ms. Collins employers for the purpose of Title VII of the Civil Rights Act of 1964, as amended and the ADEA.

7.      Defendant Robert (Bobby) Elrod (hereinafter "Elrod") is a resident of the State of Alabama and was the Director of Human Resources for Koch Foods Inc. and Koch-Ala's Montgomery facilities.

8.      Elrod resides in Etowah County, Alabama.

9.      Elrod supervised Ms. Collins and terminated her employment from Koch Foods.

**VENUE**

10.     Venue lies within the Northern District of Alabama under 28 U.S.C. § 1391.

**ADMINISTRATIVE PROCEDURES**

11.     On September 14, 2017, within 180 days of the acts of discrimination of

3

which she complains, Ms. Collins filed a Charge of Discrimination with the Equal

Employment Opportunity Commission (hereinafter "EEOC").  (See Exhibit  A).

12.    On November 9, 2017, the EEOC issued a Dismissal and Notice of

Rights on Ms. Collins' charge. (See Exhibit B).

13.    Ms. Collins has satisfied all conditions precedent to bringing this action.

14.    Ms. Collins filed this action within 90 days from November 9, 2017.

## COUNT ONE

### SECTION 1981 RACE DISCRIMINATION
### HARASSMENT AND RETALIATION

15.    Shawn Collins holds a Bachelor of Science degree in Criminal Justice

from Alabama A & M University and a Masters of Science in Human Resource

Management from Troy University.

16.    Ms. Collins has been employed for twenty-six (26) years with Koch

Foods Inc./Koch Foods of Alabama in Montgomery, Alabama (hereinafter "Koch

Foods").

17.    Ms. Collins is an African American Female and over the age of 40 years.

18.    Ms. Collins began her career with Koch Foods working with Sylvest

Farms as an Inspector's Helper in 1991 and promoted to Quality Control Technician

and then Lab Technician in 1999 through 2001.

4

19.     On March 3, 2001, Ms. Collins promoted to Payroll/Human Resource Assistant, a position she held until August 27, 2006.

20.     Koch Foods promoted Ms. Collins to Human Resource Supervisor on August 28, 2006 and she successfully held this position until January 24, 2008.

21.     Koch Foods promoted Ms. Collins on January 25, 2008 to Human Resource Manager and she successfully held this position until she was terminated on July 25, 2017.

22.     Ms. Collins has over 15 ½ years of Human Resource experience working at Koch Foods.

23.     During her tenure at Koch Foods, Ms. Collins worked as the Human Resource Manager for the Koch Foods kill plant, but she also worked as the Human Resource (HR) Manager at the debone plant.

24.     For some periods of time, Ms. Collins was HR Manager for both plants.

25.     In her position as Plant HR Manager, Ms. Collins would report to the Complex HR Manager which directly oversees all HR functions at the kill and debone facilities.

26.     Koch Foods employs over 500 people and has three shifts.

27.     Ms. Collins job responsibilities involved managing all of the hiring,

5

training, disciplining and firing of employees.

28.     She was also responsible for gathering data and processing all state and federal government paperwork as that function relates to the employees at Koch Foods.

29.     In late 2016, David Birchfield, the Complex HR Manager and a Caucasian male, tendered his resignation and left Koch Foods.

30.     The position of Complex HR Manager was posted by Robert (Bobby) Elrod ("Elrod"), the Human Resource Director for Koch Foods, Inc./Koch Foods of Alabama, LLC.

31.     Ms. Collins applied for this position.

32.     At the time of her application for the Complex HR Manager position, Ms. Collins was the HR Manager at the kill plant, and the most senior HR Manager at the Koch Foods complex in Montgomery.

33.     Ms. Collins has never been disciplined during her 26 years of employment with Koch Foods.

34.     At certain points during her career at Koch Foods, she was asked to represent the company in litigation brought by employees, as the company representative.

35.     Despite Ms. Collins impressive career with Koch Foods, her seniority and qualifications, Koch Foods and Elrod did not grant Ms. Collins even an interview for the Complex HR Manager position.

36.     Instead, Elrod hired Michael Carow ("Carow"), a Caucasian male, from outside Koch Foods.

37.     Ms. Collins had greater qualifications and experience than Carow for the position of Complex HR Manager.

38.     Koch Foods has a policy and practice of promoting from within the company.

39.     The promotion to Complex HR Manager would have included a raise, a higher salary, bonuses and greater benefits.

40.     In her position as HR Manager Ms. Collins was paid less than her male counterparts that held the position of HR Manager.

41.     In 2016, after submitting her application for the Complex HR Manager job, Elrod moved Ms. Collins to the HR Manager position at the debone plant.

42.     Elrod provided no explanation why he was moving Ms. Collins and did not allow her any input in the arbitrary move.

43.      Elrod commented, when telling Ms. Collins that he was moving her to

7

a different plant, that he knew she had applied for the promotion, but refused to discuss why he did not promote Ms. Collins or even interview her for the position.

44.     Ms. Collins perceived that she was being punished for applying for the promotion and that Elrod was reminding her that she needed to know her place and not apply for any other promotions.

45.     Elrod refused all questions and request for feedback from Ms. Collins regarding the promotion.

46.     When Ms. Collins pressed Elrod for a reason for the arbitrary move to a different plant, the only reason he could provide was that he was moving Ms. Collins in order to separate her from her fiancé that worked at the kill plant.

47.     Nothing was said by Elrod about moving Ms. Collins' husband instead of her.

48.     Ms. Collins reported to Carow for several months in his position as Complex HR Manager.

49.     Carow and Ms. Collins had a congenial and professional relationship and, recognizing her HR experience, he often deferred to her in different decision-making processes involving HR.

50.     Within a few months Carow decided he wanted to leave Koch Foods and

the Complex HR Manager position.

51.     Carow told Ms. Collins that he was leaving Koch Foods and that Elrod

had assigned him the task of finding a suitable replacement.

52.     Carow encouraged Ms. Collins to apply for the Complex HR Manager

position and asked that she submit her resume.

53.     Ms. Collins was very interested in the position and was personally

encouraged by her supervisor asking her to apply for the position.

54.     Carow had always been complimentary of Ms. Collins' leadership skills,

her HR experience and her many years of service to Koch Foods.

55.     Ms. Collins applied for Complex HR Manager position again and

forwarded her resume to Carow.

56.     During a meeting with Elrod, Ms. Collins discussed with him that Carow

had advised her that he was leaving Koch Foods, was told to find his replacement and

had asked that she apply.

57.     Elrod expressed surprise that Ms. Collins had again applied for the

promotion to Complex HR Manager.

58.     Instead of encouraging Ms. Collins in her application for the promotion,

Elrod became hostile.

9

59.     Elrod stated that he had hired a new plant manager, Michael Gadbarry and Ms. Collins was to start reporting to him at the debone plant and not Carow.

60.     Ms. Collins knew that in all of her years at Koch Foods, 26 to be exact, the plant HR Manager had always reported to the Complex HR Manager and not the plant manager.

61.     Reporting to the plant manager would be a demotion told Elrod that she had never reported to a plant manager in her position as HR Manager, why would she report to one now.

62.     Elrod continued ignoring Ms. Collins' questions and inquiries and talked about the new male plant manager without discussing her application.

63.     On July 25, 2017, Carow asked Ms. Collins to come to his office for a meeting.

64.     Elrod was present in Carow's office and started the meeting.

65.     Elrod was hostile and loud when he addressed Ms. Collins in the meeting.

66.     Elrod discussed Ms. Collins' recent marriage for about one hour in the meeting and was the only topic Elrod covered in the meeting.

67.     At the end of the meeting, Elrod informed Ms. Collins that she was fired.

68.     When Ms. Collins asked why she was being fired, Elrod told her that she had violated company policy when she married an employee.

69.     Ms. Collins told Elrod that he had known for years that before she married her husband, they had dated and lived together while both working at Koch Foods.

70.     Elrod said it did not look good that Ms. Collins was now married to an employee.

71.     Ms. Collins pointed out that two Koch Foods employees that were Caucasian were currently married to each other and Elrod had not fired them.

72.     White employees and managers married and not disciplined or terminated by Elrod include: David Hollinger (Shipping and Distribution Manager) and Danielle Hollinger (Transportation Manager); Terry King (Shift Manager) and Lucy King (Production Supervisor); James Bradford (Shift Manager) and Susanna Bradford (Production Coordinator); and Gary Stokes (Shipping Manager) and Julia Bruno (Payroll Manager).

73.     Elrod became further irate and hostile and refused to answer any of Ms. Collins questions.

74.     Elrod told Ms. Collins that she was fired immediately and was to leave

11

the premises that day.

75.    Elrod replaced Ms. Collins with a Caucasian male as Plant Human Resource Manager and an African American male was awarded the Complex Human Resource Director after Ms. Collins complained.

76.    Elrod and Koch Foods discriminated against Ms. Collins by denying her a promotion, pay raises and increases due to her race.

77.    Koch Foods and Elrod discriminated against Ms. Collins by refusing to interview Ms. Collins for the position of Complex HR Manager and promote her to the position, on two separate occasions, when she was the most qualified candidate due to her race, African American.

78.    Koch Foods and Elrod discriminated against Ms. Collins by paying Ms. Collins less than white HR Managers and allowing white HR Managers to promote within the company.

79.    Koch Foods and Elrod discriminated against Ms. Collins due to her race by subjecting her to adverse terms and conditions of employment that white employees were not subjected to.

80.    Elrod's racial bias has been present in numerous promotional decisions, hiring decisions, and termination decisions at Koch Foods.

81.   Koch Foods has knowledge of Elrod's racial bias and has refused to correct, train, discipline or terminate Elrod.

82.   Koch Foods and Elrod's discrimination of Ms. Collins on the basis of her race caused Ms. Collins injury.

83.   Ms. Collins has personally observed Elrod make numerous hiring, promotion, discipline and termination decisions to the detriment of qualified employees based on their race including, but not limited to Tina Boyd, Maria Vinson, and Ka'toria Gray.

84.   As a proximate result of Defendant's unlawful discrimination, Ms. Collins has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

85.   Ms. Collins seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

## COUNT TWO

### TITLE VII  SEX DISCRIMINATION, HARASSMENT AND RETALIATION AGAINST KOCH FOODS, INC. AND KOCH FOODS OF ALABAMA, LLC

86.    Ms. Collins adopts and realleges paragraphs 3-6, 11-14, 15-85 as if fully set forth herein.

87.    Ms. Collins is female and a member of a protected class.

88.    Defendants, by and through Elrod, targeted Ms. Collins based on her sex and subjected her to adverse treatment.

89.    Defendants subjected Ms. Collins to adverse employment actions, including differing terms of employment, discipline, denial of advancement and promotions, pay raises, enhanced benefits, equal pay to that of her male counterparts and ultimately termination.

90.    Ms. Collins suffered less preferential terms, conditions, and pay of employment than similarly-situated male employees.

91.    Ms. Collins was twice denied a promotion to Complex Human Resource Director and was twice passed over in favor of less qualified males, Michael Carow and Darren Wood.

92.    After Koch Foods terminated Ms. Collins, she was replaced as Plant

14

Human Resource Manager by a male.

93.    Defendants subjected Ms. Collins to a hostile work environment on the basis of her gender, female.

94.    Defendants' conduct was objectively and subjectively severe or pervasive.

95.    Defendants' conduct materially altered Ms. Collins' terms and conditions of employment.

96.    Ms. Collins complained to Bobby Elrod, Director of Human Resources, about the discrimination and harassment.

97.    Ms. Collins informed Elrod she was the most qualified candidate, had worked hard for Koch Foods and would continue to apply for the position of Complex Human Resource Director every time the position came available.

98.    Elrod became angry and hostile to Ms. Collins.

99.    Elrod, in retaliation, accused Ms. Collins of misconduct, violation of company policies and terminated her using false pretenses that had never been the basis for termination previously.

100.    Defendants failed to investigate or remedy the conduct.

101.    Defendants' conduct proximately caused Ms. Collins to suffer extreme

emotional distress, embarrassment, humiliation, financial loss, loss of employment opportunity, and other pecuniary and non-pecuniary losses.

102.   Ms. Collins seeks declaratory and injunctive relief, reinstatement, an award of lost wages and benefits, back pay, front pay, compensatory and punitive damages, damages for loss of career opportunity, emotional distress damages, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT THREE

### AGE DISCRIMINATION, HARASSMENT, AND RETALIATION CLAIM

103.   Ms. Collins realleges paragraphs 3-6, 11-14, and 15-82 as if fully set out herein. This Count seeks to redress the unlawful employment practices of age discrimination and harassment by Defendants, its agents and employees and ratified by Defendants, as protected by the ADEA and AADEA prohibiting age discrimination in the workplace.

104.   Ms. Collins is fifty (50) years of age.

105.   Ms. Collins is qualified to perform the job duties of Human Resource Manager and Complex Human Resource Director.

106.   Ms. Collins has conducted those duties and other duties of numerous other positions in a satisfactory manner for over twenty-six (26) years.

16

107.   Koch Foods subjected Ms. Collins to intentional discriminatory treatment based on her age.

108.   Koch Foods subjected Ms. Collins to different terms and conditions of employment than her younger co-workers.

109.   Koch Foods treated younger employees with less experience and seniority more favorably than Ms. Collins and did not subject younger employees to discrimination or a hostile work environment with respect to the terms, conditions, or pay in their employment.  Koch Foods did not terminate younger employees and did not deny younger employees promotion and reassignment.

110.   The position of Complex Human Resource Manager that Ms. Collins was denied on two different occasions was awarded to Michael Carow and Darren Wood.

111.   Both Carow and Wood are younger than Ms. Collins.

112.   Defendants have a policy that prohibits workplace age discrimination; however, Defendants willfully violated their  policy and the state and federal laws that prohibit discrimination and harassment based on age.

113.   Defendants' unlawful employment practices were intentional and caused Ms. Collins to suffer loss of pay, employment benefits, and mental and physical pain

and suffering.

114.   Ms. Collins seeks declaratory and injunctive relief, an award of lost wages and benefits, reinstatement, front pay, liquidated damages, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may access.

## COUNT FOUR

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115.   Ms. Collins realleges paragraphs 15-84, as if fully set out herein.

116.   This is a claim against all Defendants arising out of the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

117.   Defendants' adverse treatment of Ms. Collins, in particular its subjection of her to severe, degrading, and humiliating discrimination and harassment, despite her continued complaints, was outrageous, extreme, and beyond the bounds of decency.  The repeated discriminatory treatment of all Defendants and their agents and members of management to others, as well as her termination, damaged Ms. Collins's reputation and harmed her ability to seek other employment, including employment with Defendants.

118.   After Defendants terminated Ms. Collins, it denied her claim for unemployment benefits after twenty-six (26) years of exceptional service and claimed

she was guilty of misconduct.

119.   Defendants' conduct was intentional, willful, and employed to inflict severe emotional distress upon Ms. Collins.

120.   Defendants' conduct is not condoned by society and should not go unpunished.

121.   Ms. Collins seeks declaratory and injunctive relief, award of lost employment benefits and wages, reinstatement, back pay, front pay, compensatory damages, punitive damages, costs, interest, attorneys' fees and any and all such other relied the trier of fact may assess.

## COUNT FIVE

### INVASION OF PRIVACY

122.   Ms. Collins realleges 15, 16, 22-28, 33, 34, 41-85, as if fully set out herein.  This is a claim against Defendants for invasion of Ms. Collins's right to privacy based on the laws of the State of Alabama.

123.   Defendants invaded Ms. Collins' personal and emotional sanctum by harassing, discriminating, and retaliating against Ms. Collins.

124.   Defendants publicized private information about Ms. Collins and portrayed her as a disgruntled employee that had committed acts of dishonesty and

misconduct so as to warrant her immediate dismissal.

125.   Defendants intruded into Ms. Collins' physical solitude and seclusion by having Ms. Collins defend her employment history and explain that she was the victim of unlawful discrimination.

126.   Defendants placed Ms. Collins in a false light with her peers, her employees and business contacts.

127.   Defendants informed Ms. Collins' peers, employees and business contacts that she had been discharged for misconduct.

128.   Defendants' false portrayal of Ms. Collins' employment and the circumstances surrounding her dismissal from Koch damaged her relationships and her ability to seek comparable employment and employment in her career choice.

129.   Defendants' conduct proximately caused Ms. Collins to suffer embarrassment, humiliation, shame, physical injury, pain and suffering, loss of reputation, loss of career opportunity, emotional distress, loss of pay and benefits, and mental anguish for which she claims damages as set out below.

130.   Ms. Collins seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

## COUNT SIX

## INTERFERENCE WITH CONTRACTUAL
## OR BUSINESS RELATIONS

131.   Ms. Collins realleges paragraphs 15, 16, 22-28, 33, 34, 41-85, as if fully set out herein.  Ms. Collins had established business relationships with her coworkers and business contacts including managers within Koch Foods.

132.   Defendants had knowledge of these business relationships and sought to intentionally damage them to Ms. Collins' financial, physical, and emotional detriment.

133.   Defendants informed Ms. Collins' peers, employees and business contacts that she had been discharged for misconduct.

134. Defendants' false portrayal of Ms. Collins' employment and the circumstances surrounding her dismissal from Koch damaged her relationships and her ability to seek comparable employment and employment in her career choice. Ms. Collins was damaged as a result of Defendants' intentional interference.

135.   As a proximate result of the Defendants' conduct, Ms. Collins was caused to suffer loss of employment wages and benefits, physical injury, pain and suffering, embarrassment, humiliation, loss of reputation, loss of career opportunity, emotional distress, trauma, and mental anguish for which she claims damages as set

21

out below.

136.   Ms. Collins seeks declaratory and injunctive relief, reinstatement, award of compensatory and punitive damages, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

### COUNT SEVEN

### NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION AND RETENTION

137.   Ms. Collins realleges paragraphs 15-83, as if fully set out herein.  This is a claim arising under the laws of the State of Alabama to redress the negligent and wanton hiring, training, supervision, and retention of Defendants' employee and manager, Robert (Bobby) Elrod.

138.   Defendants had a duty to provide a reasonably safe, non-hostile, and non-discriminatory work environment to Ms. Collins and other employees in protected categories of gender, age, and race.

139.   Defendants had actual notice of the actions complained of by Ms. Collins.

140.   Defendants knew of the discriminatory hiring, promotion and termination decisions of Bobby Elrod and that those decisions were tainted by illegal

discrimination based on gender, race and age.

141.   In particular, Elrod did not want an African American female to advance to the position of Complex Human Resource Director.

142.   On numerous occasions when the position of Complex Human Resource Director was open and qualified applicants of color applied, Elrod would deny even an interview to these qualified candidates.

143.   Tina Boyd was previously denied an interview for the position.  Ms. Boyd is an African American female.

144.   Shawn Collins was twice denied an interview for the position.

145.   Ms. Collins was more qualified and had more seniority that the two males receiving the position.

146.   Tina Boyd was more qualified than the male receiving the position when she applied.

147.   Other African American females have applied for the Complex Human Resource Director, as well as other promotions, and been denied by Elrod due to their race and gender.

148.   Defendants having such knowledge, negligently and wantonly hired and/or failed to train, discipline, or terminate Elrod who actively discriminated,

harassed, retaliated, and conspired against Ms. Collins on an ongoing basis, failing to protect Ms. Collins from further injury.

149.   Defendants failed to administer, communicate, or train Elrod and other managers and employees on policies against discrimination and harassment or otherwise eradicate behavior that created a hostile work environment.

150.   Ms. Collins' working conditions created by Defendants were adverse, hostile and intended to cause Ms. Collins financial, physical, and emotional harm.

151.   As a proximate result of Defendants' unlawful conduct, Ms. Collins suffered adverse terms and conditions of employment, financial loss, physical injury, pain and suffering, emotional distress, humiliation, mental anguish, trauma, embarrassment, loss of reputation, and loss of career opportunity.

152.   Ms. Collins seeks declaratory and injunctive relief, an award of lost wages and employment benefits, back pay, front pay, interest, compensatory and punitive damages, damages for loss of career opportunity, damages for embarrassment and humiliation, mental anguish, costs, interest, attorneys' fees, and any and all such other relief the trier of fact may assess.

WHEREFORE, Plaintiff respectfully requests this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging further in discriminatory treatment on the basis of race, gender, age, and retaliation based on protected activity;

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal provisions and employment opportunities for all employees, and which eradicate the efforts of past and present unlawful employment practices, including implementing a policy against gender, race and age discrimination and against retaliation for engaging in protected activities;

C.     Order Defendant to make Plaintiff whole by providing back pay, front pay, reinstatement, the position that she was denied, the pay, benefits and bonuses of the position she was denied, interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, Elrod's termination, compensatory, punitive, and liquidated damages;

D.     Award Plaintiff compensatory, punitive, and liquidated damages;

E.     Award Plaintiff costs and expenses herein, including reasonable attorneys' fees; and

F.     Award such other and further relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,


/s/ *Alicia K. Haynes*
Alicia K. Haynes (ASB-8327-E23A)
An Attorney for Plaintiff

OF COUNSEL:
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Phone:          (205) 879-0377
Facsimile:    (205) 879-3572
Email:          akhaynes@haynes-haynes.com

OF COUNSEL:
Heather Newsome Leonard, Esq.
An Attorney for Plaintiff
HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Phone:          (205) 977-5421
Facsimile:    (205) 278-1400
Email:          Heather@HeatherLeonardPC.com

OF COUNSEL:
Cynthia Forman Wilkinson, Esq.
An Attorney for the Plaintiff
WILKINSON LAW FIRM, P.C.
215 N. Richard Arrington Jr. Blvd., Suite 200
Birmingham, AL 35203
Phone:          (205) 250-7866
Facsimile:    (205) 250-7869
Email:          wilkinsononefile@wilkinsonfirm.net

**<u>PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL</u>:**

Koch Foods of Alabama, LLC
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Koch Foods, Inc.
c/o Joseph Grendys
Chief Executive Officer
Koch Foods
1300 West Higgins Road
Park Ridge, IL 60068

Robert (Bobby) Elrod
134 South Valley Ave
Collinsville, AL 35961


**<u>PLAINTIFF'S ADDRESS:</u>**

Ms.  Shawn Collins
c/o Alicia K. Haynes
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, Alabama  35226