FILED
2018 Jul-20 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHAWNETTA COLLINS,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No.: 2:18-cv-211-ACA. |
| **KOCH FOODS INC, et al.,** | ) |
| **Defendants.** | ) |

## SCHEDULING ORDER

The court enters this order under Federal Rule of Civil Procedure 16(b) based on the parties' report of a planning meeting. (Doc. 16).  This governs further proceedings in this action unless modified for good cause shown.

1. **Pleadings and Parties:**  Unless the party's pleading may be amended as a matter of course pursuant to Federal Rule of Civil Procedure 15(a), the party must file a motion for leave to amend.  Such motion for leave to amend shall state, specifically, those matters the party wishes to add or delete and shall contain, attached as an exhibit, the complete and executed amended pleading, which is suitable for filing.  The motion for leave to amend, with the attached amended pleading, shall be served in accordance with Federal Rule of Civil Procedure 5.

   No causes of action, defenses, or parties may be added after **August 6, 2018** as to plaintiff and **August 21, 2018** as to defendant.

2. **Discovery Limitations and Deadlines:**

   | | | |
   |---|---|---|
   | a. | **Depositions:** | Maximum of 10 by each party.  Each deposition is limited to a maximum of 7 hours. |
   | | **Interrogatories:** | Maximum of 40 by any party directed to any other party. |
   | | **Requests for Production:** | Maximum of 30 by any party directed to any other party |

        **Requests for Admission:**    Maximum of 25 by any party directed to any other party.

  **b.**  **Expert Testimony:** Unless modified by stipulation of the parties, the disclosures of expert witnesses—including a complete report under Federal Rule of Civil Procedure 26(a)(2)(B) from any specially retained or employed expert—are due:

      From plaintiff:    **December 5, 2018**.

      From defendant:    **January 4, 2019.**

  **c.**  **Supplementation:** Supplementation of disclosures and discovery under Federal Rule of Civil Procedure 26(e) is due within a reasonable period of time after discovery of such information, but all such supplementation shall be provided **no later than 30 days** from the close of discovery.

  **d.**  **Deadline:** All discovery must be commenced in time to be completed by **February 4, 2019.**

**3.**  **Discovery Motions:** Before a party files a motion to compel, a motion to quash, or any other discovery-related motion, counsel for that party **must** confer in person or by telephone with opposing counsel to attempt to resolve their disagreements regarding discovery requests. If the parties are unable to resolve their dispute in that manner, then the party filing the motion to compel shall describe all efforts taken to resolve the disputed matter and shall certify in the motion that the parties conferred pursuant to this order and were unable to reach an agreement. If an attorney makes a good faith effort but is unable to contact opposing counsel, then the attorney shall describe in the motion the attorney's efforts to contact and coordinate with opposing counsel. **Failure to include a statement of the parties' attempt to resolve the matter without the court's intervention may result in an automatic denial of the motion.**

> The non-moving party must file a response to the discovery motion within **7 days**. If the non-moving party does not file a response, then the court will consider the motion unopposed.

4. **Dispositive Motions:** All potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion must be filed no later than **April 8, 2019.**

   Briefs in support of dispositive motions must be filed **within one business day** of the filing of the dispositive motion and evidentiary submissions. **All briefs filed in support of or opposition to dispositive motions must contain citations to the evidentiary record by CM/ECF document and page number.** To the extent that a party responding to a dispositive motion relies on evidence to oppose the motion that is not included in the moving party's evidentiary submission, the responding party's opposition brief must be filed within one business day of the filing of the responding party's evidentiary submission.

   The parties must file and brief all dispositive motions consistent with Appendix II which is attached to the court's initial order.

   The court recognizes that Appendix II addresses only motions for summary judgment. If the parties file a dispositive motion other than one for summary judgment, the parties must comply with Appendix II to the extent practicable.

5. **Extensions:** Parties requesting an extension of any deadline must file a motion at least two business days before the deadline, and must show good cause for the extension. Good cause includes, at a minimum, a description of why the party or parties cannot meet the existing deadline.

6. **Mediation:** Unless a party objects, the court will enter an order referring the parties to mediation and setting a deadline by which mediation must occur. Objections to mediation should be included in the joint status report as described in paragraph seven.

   As a general rule, if the court refers the case to mediation, the court will not stay discovery and dispositive motion deadlines. The court has extended the deadline for dispositive motions in contemplation of mediation.

7.  **Joint Status Report:**  The parties shall file a joint status report on or before **January 4, 2019.**

    The status report should state whether the parties object to mediation and include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case for trial.  Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues.  The status report should not be used to argue the party's case, or to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation, including the status of critical discovery.

8.  **Status Conference:**  If the parties object to mediation in the joint status report, the court will set the case for a status conference approximately two weeks after the submission of the joint status report.  If the parties do not object to mediation and the court refers them to mediation, the parties must submit, within a week of the completion of mediation, a joint status report informing the court whether mediation was successful.  If mediation is not successful, the court will set a status conference by separate order.

    Additional conferences, including a pretrial conference, will be scheduled as needed by separate order.  Due dates for lists of trial witnesses, exhibits, and objections under Federal Rule of Civil Procedure 26(a)(3) shall be established in a separate pretrial order.

9.  **Trial:** The parties shall be ready for trial in September 2019, to be scheduled by separate order.

10. **Oral Argument:**  If a party requests oral argument on a motion, the court will set the matter for a hearing.  Requests for oral argument on a motion should be clearly indicated in the motion.

    **DONE** and **ORDERED** this July 20, 2018.

    ANNEMARIE CARNEY AXON
    U.S. DISTRICT JUDGE