FILED
2019 Jul-01 PM 06:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHAWNETTA COLLINS,** ) <br> ) <br> **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> **KOCH FOODS, INC., KOCH** ) <br> **FOODS OF ALABAMA, LLC;** ) <br> **ROBERT (BOBBY) ELROD,** ) <br> ) <br> **Defendants.** ) | **CASE: 2:18-CV-00211-ACA** <br><br> **ORAL ARGUMENT** <br> **REQUESTED** |

## DEFENDANTS' MOTION FOR COMPLETE SUMMARY JUDGMENT

COMES NOW Defendants Koch Foods, Inc., Koch Foods of Alabama, LLC (collectively "Koch Foods") and Robert (Bobby) Elrod ("Elrod"), pursuant to this Court's Orders and Rule 56 of the Federal Rules of Civil Procedure, and respectfully requests that this Honorable Court enter complete summary judgment in favor of Defendants as to all claims by Plaintiff.  As grounds for this motion, Defendants state that there is no genuine issue of material fact as to Plaintiff's claims, and Defendants are entitled to judgment as a matter of law. In support of its motion, Defendants state the following:

1. In her First Amended Complaint, Plaintiff asserts claims of claims of (I) Race Discrimination, Harassment and Retaliation pursuant to 42 U.S.C. § 1981 ("Section 1981") against Koch Foods; (II) Sex Discrimination, Harassment and Retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et.*

1

*seq* and ("Title VII") against Koch Foods; (III) Age Discrimination, Harassment and Retaliation pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, as amended, and the Alabama Age Discrimination in Employment Act, Ala. Code 1975, § 25-1-20 (collectively "ADEA") against Koch Foods; (IV) Intentional Infliction of Emotional Distress against Koch Foods and Elrod; and (V) Negligent and Wanton Hiring, Training, Supervision and Retention against Koch Foods.

2. Plaintiff's claims of discrimination are based on (a) Plaintiff's transfer to the Debone Plant in October 2016; (b) the denial of a promotion to the Complex Human Resources Director in October 2016; (3) the termination of Plaintiff's employment in July 2017; (4) and the denial of a second promotion to Complex Human Resources Director in August 2017. (Collins 321:7-18) Plaintiff also generally avers in the First Amended Complaint, with no specific allegations to support the same, that she was paid less than younger white males working in Human Resources Manager positions at Koch Foods. Finally, Plaintiff's attorneys have argued, although the allegation is not asserted in Plaintiff's First Amended Complaint (or in a timely filed EEOC charge), that Plaintiff was subjected to discrimination (and the tort of outrage) when she was not transferred to another position in July 2017 instead of being terminated.

3. Koch Foods is entitled to summary judgment as to Plaintiff's discrimination claims under Section 1981, Title VII, and the ADEA based on her October 2016 transfer because (a) Plaintiff failed to file a timely EEOC charge based on the October 2016 transfer; (b) the transfer does not constitute an adverse employment action under the law; and (c) Koch Foods has established a legitimate nondiscriminatory reason for the transfer that Plaintiff fails to rebut with evidence of pretext.

4. Koch Foods is entitled to summary judgment as to Plaintiff's discrimination claims under Section 1981, Title VII, and the ADEA based on the denial of a promotion in October 2016 because (a) Plaintiff failed to file a timely EEOC charge based on the October 2016 promotion decision; (b) the individual selected for the Montgomery Complex HR Manager position in October 2016 was more qualified than Plaintiff; and (c) Koch Foods has established a legitimate nondiscriminatory reason for the transfer that Plaintiff fails to rebut with evidence of pretext.

5. Koch Foods is entitled to summary judgment as to Plaintiff's discrimination claims under Section 1981, Title VII, and the ADEA based on the termination of Plaintiff's employment because (a) Plaintiff fails to establish a *prima facie* case based on her termination because she cannot establish that she was replaced by someone outside of her protected classes of race, gender and age; (b)

Plaintiff fails to establish a *prima facie* case based on her termination because she fails to establish evidence of any alleged comparators outside of her protected classes of race, gender and age who were similarly situated to Plaintiff in all material respects but treated more favorably; and (c) Koch Foods has established a legitimate nondiscriminatory reason for the transfer that Plaintiff fails to rebut with evidence of pretext.

6. Koch Foods is entitled to summary judgment as to Plaintiff's discrimination claims under Section 1981, Title VII, and the ADEA based on the denial of a promotion in August 2017 because (a) Plaintiff fails to establish that the individual selected for the Montgomery Complex HR Manager in August 2017 is outside the protected race and age classes; (b) the individual selected for the Montgomery Complex HR Manager in August 2017 was more qualified than Plaintiff; and (c) Koch Foods has established a legitimate nondiscriminatory reason for the transfer that Plaintiff fails to rebut with evidence of pretext.

7. With regard to any alleged pay discrimination claim, Plaintiff fails to establish any evidence of younger Caucasian males working in the same position as Plaintiff (HR Manager) who were paid more than Plaintiff based on their age, race or gender.

8. Plaintiff's assertion that she was subjected to race, gender and age discrimination when she was not transferred to another position at Koch Foods and

was, instead, terminated in July 2017 fails because (a) Plaintiff failed to file a timely EEOC charge based on any alleged transfer she claims she should have received; (b) Plaintiff failed to plead these claims in her First Amended Complaint; (c) Plaintiff's deposition testimony does not include any claim based on the failure to be transferred; (d) Plaintiff did not apply for any positions to which she now claims she should have been transferred; (e) the individuals selected for the positions to which Plaintiff claims she should have been transferred were more qualified for the positions; and (f) Koch Foods has established legitimate nondiscriminatory reasons for the transfer decisions that Plaintiff fails to rebut with evidence of pretext.

9. Plaintiff's harassment claims under § 1981, Title VII and the ADEA fail because Plaintiff testified that she was not subjected to any harassment while working at Koch Foods (based on her race, sex, age or otherwise). Moreover, these claims fails as Koch Foods has a well-established policy prohibiting harassment (which Plaintiff trained other employees about in her role in HR), Koch Foods has a reporting structure for any such claims, and Plaintiff failed to utilize the policy and/or reporting structure to report any allegations of harassment when she worked at Koch Foods.

10. Plaintiff's retaliation claims under § 1981, Title VII and the ADEA fail because Plaintiff fails to establish that she engaged in any activity protected by one of these statutes that is causally connected to any adverse employment action alleged

in this matter. Further, Koch Foods has established legitimate nonretaliatory reasons for the employment decisions that Plaintiff fails to rebut with evidence of pretext. Moreover, there is no evidence of any retaliatory animus.

11. Plaintiff fails to allege any facts that support a claim for the tort of Intentional Infliction of Emotional Distress under Alabama Law. Further, Plaintiff fails to establish that Koch Foods can be held vicariously liable for any conduct alleged in support of Plaintiff's claim for Intentional Infliction of Emotional Distress.

12. Plaintiff's Negligent and Wanton Hiring, Training, Supervision and Retention claim fails as a matter of law as it is based solely upon her claims of race, sex and age discrimination under federal law. Further, Plaintiff fails to establish an underlying wrong for which Koch Foods can be held liable for negligence or wanton hiring, training, supervision or retention. Moreover, Plaintiff's sworn testimony establishes that she has no evidence in support of this claim.

13. In support of its Motion for Summary Judgment, Defendants rely on the pleadings filed to date. Defendants also rely on the sworn depositions of Plaintiff Shawnetta Collins with exhibits (Exhibit A); Rod Thomas with exhibits (Exhibit B); Michael Carow with exhibits (Exhibit C); 30b6 Deposition of Bobby Elrod with exhibits (Exhibit D); Bobby Elrod with exhibits (Exhibit E); Johnny Gill with exhibits (Exhibit F); Sherri Gonzalez with exhibits (Exhibit G); Lisa Wright (Exhibit

H).  Defendant further relies on the Declarations of Michael Carow with exhibits (Exhibit I); Bobby Elrod dated June 12, 2019 (Exhibit J); and Bobby Elrod dated June 28, 2019 (Exhibit K).  Finally, Defendants rely on their statement of undisputed facts and legal arguments asserted in the Brief in Support of Motion for Summary Judgment, which will be filed pursuant to the Court's Scheduling Order.

WHEREFORE, premises considered, Defendants respectfully moves this Court to enter an Order granting summary judgment as a matter of law with respect to all of Plaintiff's claims for the reason that there is no genuine issue as to any material fact and Defendants are entitled to judgment in its favor as a matter of law as to all of Plaintiff Shawnetta Collins's claims.

*s/ Janell M. Ahnert*
Janell M. Ahnert 9644H70J
Attorney for Defendants

**OF COUNSEL:**
**LITTLER MENDELSON, P.C.**
420 20th Street North, Suite 2300
Birmingham, AL  35203-3204
Telephone: 205.421.4784
Facsimile: 205.421.4699

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was served on this the 1st day of July 2019, by electronically filing the same with the CM/ECF system, which will send electronic notice of same to the following:

Alicia Haynes
HAYNES & HAYNES, P.C.
1600 Woodmere Drive
Birmingham, AL 35226

Heather N. Leonard
HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243

Cynthia F. Wilkinson
WILKINSON LAW FIRM
215 Richard Arrington Jr. Blvd.
Suite 200
Birmingham, AL 35203

*s/ Janell M. Ahnert*
OF COUNSEL